## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CLYDE PONTEFRACT, | ) | CASE NO. 4:22-CV-01683 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

Before the Court is a Motion to Dismiss made under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendant United States of America.  (ECF No. 9).  *Pro se* Plaintiff, Clyde Pontefract, opposed the United States' Motion (ECF No. 11), and the United States filed a Reply (ECF No. 12).  Pontefract also filed a Sur-Reply (ECF No. 13), but it was filed without leave of Court and is therefore **STRICKEN**.  *Eberhard v. Chicago Title Ins. Co.*, No. 1:11 CV 834, 2014 WL 12756822, at *2 (N.D. Ohio Jan. 8, 2014) (striking sur-reply filed without leave because "neither local rules, similar to 7.1, nor the Federal Rules of Civil Procedure authorize a non-moving party to file a sur-reply, and . . . to file a sur-reply the party must obtain leave of the court").  For the forgoing reasons, the United States' Motion to Dismiss is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

### I.     FACTUAL BACKGROUND

#### A.  Pontefract's Administrative Claim and Complaint

Pontefract is a federal inmate imprisoned at FCI Fort Dix.  (ECF No. 1, Compl., PageID# 1).  Pontefract was previously held at FCI Elkton; while there, between October 16, 2019 and March 17, 2020, he used his commissary account to purchase three copy cards and one locker pal for a total of $33.65.  (*Id.* at PageID# 1–2).  The COVID-19 pandemic restricted Pontefract's access to the inmate copier in FCI Elkton's education department.  (*Id.* at PageID# 3).  In October

1

of 2020, Pontefract was transferred to FCI Fort Dix; FCI Elkton retained the non-transferable locker pal along with the the copy card funds, which are non-refundable and which FCI Fort Dix would not honor.  (*Id.* at PageID# 3–6).

Pontefract initiated an administrative claim for the return of the lost copy card and locker pal funds on March 1, 2021.  (ECF No. 1-1, PageID# 11).  The Federal Bureau of Prisons ("BOP") investigated the claim and determined that Pontefract did not submit sufficient evidence in support; the BOP's August 27, 2021 denial letter stated:

> FCI Elkton rules are clear that inmates should only purchase copy cards needed for a week and that copy cards are non-refundable.  The commissary sheet is also clear that the locker pal is a non-transferable item.  There is no evidence to suggest you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee.

(*Id.*).  Pontefract sought reconsideration of the BOP's denial on September 9, 2021, which the BOP rejected on October 26, 2021.  (*Id.* at PageID# 12).  The BOP's rejection letter informed Pontefract that, if he disagrees with the BOP's decision, he "cannot file suit in United States District Court as there is no judicial review for claims decided pursuant to 31 U.S.C. § 3723."  (*Id.*).  Pontefract submitted a third letter requesting return of the copy card and locker pal funds on April 21, 2022, which the BOP again rejected on May 13, 2022.  (*Id.* at PageID# 13).

Pontefract filed this action in the Northern District of Ohio on September 20, 2022, against the United States of America, the BOP, and the Warden of FCI Elkton (collectively the "Government"), predicating jurisdiction on the Little Tucker Act and the Federal Tort Claims Act ("FTCA").  (ECF No. 1, PageID# 1, 6).  He alleges that employees of FCI Elkton and the Northeast Regional Office of the BOP were negligent when they failed to refund the copy card and locker pal funds to Pontefract's prisoner trust account; he further asserts that the BOP breached its fiduciary duty while maintaining the trust account.  (*Id.* at PageID# 3–6).  Pontefract seeks

2

compensatory damages in the amount of $34.10, plus the costs of this action and any other relief deemed just and proper.[1]

### B.  The United States' Motion to Dismiss

The United States has asked the Court to dismiss Pontefract's Complaint for lack of subject matter jurisdiction because the Government is immune from suit under the doctrine of sovereign immunity.  (ECF No. 9-1, PageID# 95–96).  The United States also echoes the BOP's letter rejecting reconsideration of Pontefract's administrative claim, stating that the district court lacks jurisdiction to review an agency determination under 31 U.S.C. § 3723.  (*Id.* at 96).

Pontefract opposes dismissal of his Complaint, arguing that, since his property was not "detained" within the meaning 28 U.S.C. § 2680(c), the FTCA waives the Government's sovereign immunity, and this action must proceed.  (ECF No. 11, PageID# 102).  Pontefract also alleges that his Complaint concerns the BOP's fiduciary responsibilities relating to Pontefract's prisoner trust account, which distinguishes this action from other similar actions which were dismissed.  (*Id.*); *see Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008) (dismissing action for return of an inmate's personal property lost during his transfer from one prison to another for lack of subject matter jurisdiction).

On Reply, the United States explains that courts have interpreted the term "detained" within the FTCA broadly to encompass claims mirroring those asserted by Pontefract.  (*Id.* at PageID# 107).  Finally, the United States argues that since Pontefract spent the money in his prisoner trust account to buy the copy cards and locker pal, any fiduciary responsibility the BOP has relating to prisoner trust accounts is irrelevant.  (*Id.* at PageID# 109).

---

[1] The Court assumes that the request for $34.10 is a clerical error, and that Pontefract actually seeks $33.65 in compensatory damages.

## II.    MOTION STANDARD

The United States moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (ECF No. 9).  The Court must first determine whether it has subject matter jurisdiction under Rule 12(b)(1), since a lack of subject matter jurisdiction renders the United States' Rule 12(b)(6) motion moot.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).  Title 28 U.S.C. § 1331 provides for what is commonly referred to as federal question jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Determining whether a federal court has federal question jurisdiction requires the Court to look beyond the plaintiff's characterization of his claim and "see whether the alleged claim actually 'arises under' the Constitution or federal statutes and is not made solely for the purpose of obtaining jurisdiction."  *Bush v. State Indus., Inc.*, 599 F.2d 780, 784 (6th Cir. 1979).

When a defendant challenges subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Moir*, 895 F.2d at 269 (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).  A facial attack like that which the United States asserts "challenges the sufficiency of the pleading, and the court takes the allegations in the complaint as true and construes them in the light most favorable to the plaintiff."  *Cox v. Bd. of Cnty. Comm'rs of Franklin Cnty.*, 436 F. Supp. 3d 1070, 1077 (S.D. Ohio 2020) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (6th Cir. 1994).

### III.    DISCUSSION

**A.  The Little Tucker Act does not afford this Court subject matter jurisdiction.**

Generally, the United States is immune from suit unless it unequivocally waives immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  The Little Tucker Act, upon which Pontefract predicates jurisdiction in this case, unequivocally waives sovereign immunity with regard to claims "against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or an Act of Congress, or any regulation of an executive department[.]"  28 U.S.C. § 1346(a)(2).  The Little Tucker Act does not create substantive rights, but is a jurisdictional provision that waives "sovereign immunity claims premised on other sources of law." *United States v. Bormes*, 568 U.S. 6, 10 (2012) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)).  It is inapplicable when Congress provides alternative remedies under other statutes. *Id.* at 18.

> 1. *The district court cannot review agency action taken pursuant to 28 U.S.C. § 3723.*

Title 28 U.S.C. § 3723 provided Pontefract with a remedy for the claims that he now asserts.  He utilized the administrative claim process available under § 3723 when he contacted the BOP for reimbursement of the copy card and locker pal costs.  (*See* ECF No. 1-1, PageID# 11–13).  Although Pontefract's opposition to the United States' Motion characterizes his Complaint as seeking review of the BOP's denial of his administrative claim on *constitutional* grounds (ECF No. 11, PageID# 102), the relief sought in the Complaint mirrors the relief Pontefract sought in his § 3723 administrative claim.   (*See* ECF No. 1, PageID# 9, seeking only monetary damages relating to the lost copy card, the locker pal, and the filing of this action).

Agency decisions made pursuant to § 3723, like the BOP's denial of Pontefract's administrative claim, are not reviewable in federal district court. *Williams v. Hanson*, No.

4:16CV00155, 2016 WL 8674653, at *2 (N.D. Ohio Apr. 29, 2016) ("The administrative remedy provided by 31 U.S.C. § 3723 is the only relief authorized by Congress for prisoners whose property is wrongfully detained.").  To the extent that Pontefract's Complaint requests review of the BOP's denial of his administrative claim, this Court lacks subject matter jurisdiction to perform such a review.

### 2. *The BOP does not have a fiduciary duty relating to prisoner trust accounts.*

Pontefract also alleges a breach of fiduciary duty by the BOP because the BOP negligently maintained his prisoner trust account.  (ECF No. 11, PageID# 102; ECF No. 1, PageID# 4–5, ¶¶ 22, 29, 36).  Pontefract relies on 31 U.S.C. § 1321(a), which identifies commissary and other funds belonging to federal prisoners as "trust funds," held by the United States as trustee.  31 U.S.C. § 1321(a)(22) & (23); § 1321(b). At least one similar claim has been brought by a federal inmate under the Little Tucker Act. *See Davidson v. Fed. Bureau of Prisons*, No. 5:15-351-JMH, 2017 WL 1217168, at *14 (E.D. Ky. Mar. 31, 2017).

The Court of Federal Claims recently determined that § 1321 does not create fiduciary duties; the classification of prisoner accounts as "trust accounts" does not, on its own, "establish that Congress intended to impose specific fiduciary obligations on the United States that would subject it to a claim for monetary damages for their breach." *Spengler v. United States*, 127 Fed. Cl. 597, 601 (2016).  Where a statute does not create duties, the breach of which require compensation by the Government, it cannot fall within the scope of the Little Tucker Act. *See United States v. Mitchell*, 445 U.S. 535, 542 (1980) (referring to the Little Tucker Act's companion statute, the Tucker Act).

This Court will follow *Spengler*: section 1321 does not impose fiduciary obligations on the BOP with regard to prisoner trust accounts because Congress did not explicitly create such duties within § 1321. *See Davidson v. Fed. Bureau of Prisons*, No. 17-5429, 2017 WL 8897005, at *2

6

(E.D. Ky. Mar. 31, 2017) (affirming district court decision following *Spengler* and dismissing inmate action brought under the Little Tucker Act for *inter alia* the BOP's breach of fiduciary duty regarding the inmate's trust account); *see also Mitchell*, 445 U.S. at 542 (declining to find a fiduciary duty owed by the United States under the General Allotment Act where Congress did not expressly create one); *Nat'l Ass'n of Counties v. Baker*, 842 F.2d 369, 375 (D.D.C. 1988) (declining to find a fiduciary duty owed by the Secretary of Treasury under the Revenue Sharing Act where Congress did not explicitly create one).  Therefore, § 1321 does not impose a duty on the Government which, if breached, requires the Government to compensate Pontefract, and the Little Tucker Act does not provide this Court with subject matter jurisdiction over the Complaint.

### B. The Federal Tort Claims Act also does not confer subject matter jurisdiction on this Court.

Pontefract's Complaint also references the FTCA as a potential ground for jurisdiction. (*Id.* at PageID# 6–7).  The FTCA unequivocally waives immunity for "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008).  Claims concerning property belonging to federal inmates that is lost during the inmates' transfer from one prison to another are routinely analyzed within the confines of the FTCA.  *See, e.g.*, *Ali*, 552 U.S. at 218; *Mohler v. Potter*, No. 20-5579, 2020 WL 9886297 (6th Cir. Dec. 30, 2020); *Parrott v. United States*, 536 F.3d 629, 636 (7th Cir. 2008).

This Court's jurisdiction depends on whether Pontefract's claims are permitted pursuant to the FTCA's waiver of sovereign immunity.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that sovereign immunity implicates a court's subject-matter jurisdiction because "the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to

entertain the suit"); *Gaetano v. United States*, 994 F.3d 501 (6th Cir. 2021) (same). The FTCA contains several notable exceptions to its waiver of sovereign immunity. In particular, the FTCA does not waive sovereign immunity for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by . . . [a] law enforcement officer." 28 U.S.C. § 2680(c). BOP employees are "law enforcement officers" for the purpose of this exception to immunity. *Ali*, 552 U.S. at 227–28; *Moler v. Potter*, No. 20-5579, 2020 WL 9886297, at *2 (6th Cir. Dec. 30, 2020) (affirming dismissal of claim by former federal inmate concerning personal property allegedly lost when the inmate transferred from one prison to another); *Williams v. Hanson*, No. 4:16CV00155, 2016 WL 8674653 (N.D. Ohio Apr. 29, 2016) (dismissing action of federal prisoner against the United States, BOP, FCI Elkton, and FCI Elkton's Warden relating to prisoner's missing items following prison transfer on sovereign immunity grounds).

Pontefract argues that the copy card and locker pal funds were not "detained" within the meaning of 28 U.S.C. § 2680(c). This Court has consistently considered, and ultimately dismissed, claims similar to Pontefract's because of the detention exception in § 2680(c). In *Williams*, this Court dismissed a federal inmate's complaint alleging that BOP officers negligently lost some of his personal items during his transfer from one prison to another. 2016 WL 8674653, at *1. This Court pointed to § 2680(c) as a basis for dismissing the inmate's Complaint because the United States, BOP, FCI Elkton, and FCI Elkton's Warden were immune from suit. *Id.* at *2. In *Hernandez-Alverez v. United States*, No. 4:12-cv-2451, 2013 WL 6443318 (N.D. Ohio June 3, 2013), this Court again dismissed an action filed by a federal inmate alleging that the BOP withheld funds in an inmate's commissary account when he was transferred to another prison; such dismissal was based upon sovereign immunity and the detention exception to the FTCA in § 2680(c). *Id.* at *4.

8

Other district courts hold similarly.  In *Butler v. United States*, No. 09-147, 2009 WL 3028902, at *4–5 (D. Minn. Sept. 17, 2009), the court dismissed an inmate's complaint concerning the loss of two copy cards during the inmate's transfer between facilities, finding that "the FTCA does not apply to claims based on allegations that BOP employees detained—and subsequently lost, stole, damaged, or destroyed—an inmate's personal property."  In *Espinoza v. Zenk*, No. 10-0427, 2013 WL 1232208, at *6 (E.D.N.Y. Mar. 27, 2013), the district court dismissed an inmate's claims relating to lost money in his prisoner trust account because the § 2680(c) detention exception applies when goods are held in the custody of law enforcement.

Here, the copy cards and locker pal were detained by law enforcement within the meaning of § 2680(c).  The Complaint demands reimbursement for these items.  (ECF No. 1, PageID# 3-6, 9).  Pontefract's Complaint fits squarely within the § 2680(c) detention exception.  As such, sovereign immunity applies, and the Government is immune from Pontefract's claims.

## IV.    CONCLUSION

Neither the Little Tucker Act nor the Federal Tort Claims Act waives the Government's sovereign immunity with respect to Pontefract's Complaint.  Therefore, the Government is immune from suit, and this Court lacks subject matter jurisdiction to hear this case.  The United States' Motion to Dismiss (ECF No. 9) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**Dated: August 21, 2023**

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**