IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLYDE PONTEFRACT, | ) | CASE NO. 4:22-CV-01683 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

Before the Court is a motion for relief from judgment filed pursuant to Fed. R. Civ. P. 60(b)(1) by Plaintiff Clyde Pontefract. (ECF No. 16). The motion essentially challenges this Court's Memorandum Opinion and Order dismissing this case for lack of subject matter jurisdiction. (*See* ECF No. 14). The United States opposes Pontefract's Motion. (ECF No. 19). Pontefract filed a Reply Brief. (ECF No. 21). For the following reasons, Pontefract's Motion is **DENIED.**

I.   **FACTUAL BACKGROUND**

Pontefract is a federal inmate imprisoned at FCI Fort Dix. (ECF No. 1, Compl., PageID #1). Pontefract was previously held at FCI Elkton; while there, between October 16, 2019 and March 17, 2020, he used his commissary account to purchase three copy cards and one locker pal for a total of $33.65. (*Id.* at PageID #1–2). The COVID-19 pandemic restricted Pontefract's access to the inmate copier in FCI Elkton's education department. (*Id.* at PageID #3). In October of 2020, Pontefract was transferred to FCI Fort Dix; FCI Elkton retained the non-transferable locker pal and the copy card funds, which are non-refundable and which FCI Fort Dix would not honor. (*Id.* at PageID #3–6).

1

Pontefract initiated an administrative claim for the return of the lost copy card and locker pal funds on March 1, 2021. (ECF No. 1-1, PageID #11). The Federal Bureau of Prisons ("BOP") investigated the claim and determined that Pontefract did not submit sufficient evidence in support; the BOP's August 27, 2021 denial letter stated:

> FCI Elkton rules are clear that inmates should only purchase copy cards needed for a week and that copy cards are non-refundable. The commissary sheet is also clear that the locker pal is a non-transferable item. There is no evidence to suggest you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee.

(*Id.*). Pontefract sought reconsideration of the BOP's denial on September 9, 2021, which the BOP rejected on October 26, 2021. (*Id.* at PageID #12). The BOP's rejection letter informed Pontefract that, if he disagrees with the BOP's decision, he "cannot file suit in United States District Court as there is no judicial review for claims decided pursuant to 31 U.S.C. § 3723." (*Id.*). Pontefract submitted a third letter requesting return of the copy card and locker pal funds on April 21, 2022, which the BOP again rejected on May 13, 2022. (*Id.* at PageID #13).

Pontefract filed this action in the Northern District of Ohio on September 20, 2022, against the United States of America, the BOP, and the Warden of FCI Elkton (collectively the "Government"), predicating jurisdiction on the Little Tucker Act and the Federal Tort Claims Act ("FTCA"). (ECF No. 1, PageID #1, 6). He alleged that employees of FCI Elkton and the Northeast Regional Office of the BOP were negligent when they failed to refund the copy card and locker pal funds to Pontefract's prisoner trust account; he further asserted that the BOP breached its fiduciary duty while maintaining the trust account. (*Id.* at PageID #3–6). Pontefract sought compensatory damages in the amount of $34.10, plus the costs of this action and any other relief deemed just and proper.[1]

---

[1] The Court assumed that the request for $34.10 is a clerical error, and that Pontefract actually seeks $33.65 in compensatory damages.

2

This Court dismissed Pontefract's Complaint on August 21, 2023, on the motion of the United States. (ECF No. 14). The Court determined that it does not have jurisdiction to review the BOP's rejection letter, because the Court does not have jurisdiction to review an agency decision under 31 U.S.C. § 3723. *See Williams v. Hanson*, No. 4:16CV00155, 2016 WL 8674653, at *2 (N.D. Ohio Apr. 29, 2016) ("The administrative remedy provided by 31 U.S.C. § 3723 is the only relief authorized by Congress for prisoners whose property is wrongfully detained."). The Court also found that neither the Little Tucker Act, 28 U.S.C. § 1346, nor the Federal Tort Claims Act, 28 U.S.C. § 1346, confers subject matter jurisdiction on this Court, and that dismissal was required. (ECF No. 14).

On October 12, 2023, Pontefract moved this Court for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1). (ECF No. 16). The Motion argues that this Court misapplied certain case law and failed to analyze certain statutes, and that the dismissal of his Complaint was the result of legal error. The United States filed its opposition on December 11, 2023, and Pontefract replied on January 19, 2024. (ECF Nos. 19, 21). As this Court will explain, Pontefract is incorrect; this action was properly dismissed for lack of subject matter jurisdiction.

II.     **LAW AND ANALYSIS**

Fed. R. Civ. P. 60(b)(1) provides for relief from judgment based upon "mistake, inadvertence, surprise, or excusable neglect[.]" To receive relief under this Rule, the movant must show not only the existence of a mistake, inadvertence, surprise, or excusable neglect, but he must also assert a meritorious claim or defense with regard to the underlying issue. *Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003). "A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

3

Instead, the "classic function of a Rule 60(b) motion" deals "primarily with some irregularity or procedural defect in the procurement of the judgment denying relief." *Gonzalez v. Crosby*, 545 U.S. 524, 539 n.1 (2005) (Stevens, J., dissenting); *see* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 2858 (3d ed. June 2024 Update) (explaining that Rule 60(b) gives courts discretionary powers to "relieve the oppressed from the burden of judgments unfairly, fraudulently, or mistakenly entered").

The Supreme Court has found that a "mistake" under Rule 60(b)(1) covers all mistakes of law made by a judge. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022); *U.S. v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (stating that a Rule 60(b)(1) motion can provide relief from a judgment "when the judge has made a substantive mistake of law or fact in the final judgment or order); *see Bank of Cal., N.A. v. Arthur Andersen & Co.*, 709 F.2d 1174, 1177 (7th Cir. 1983) ("Rule 60(b)(1) is intended to allow clear errors to be corrected without the cost and delay of an appeal."). "A 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985) (finding that a 60(b)(1) movant's "motion [was] time-barred because he did not bring it within the period for appeal mandated by Fed. R. App. P. 4(a)"). Here, since the Complaint names the United States of American and the Warden of FCI Elkton in his official capacity, Pontefract's Rule 60(b)(1) motion is timely. Fed. R. App. P. 4(a)(1)(B).

The motion instead fails in substance. Pontefract's citations to and discussions about the law cited by this Court do not implicate an "irregularity or procedural defect in the procurement of the judgment denying relief." *See Gonzalez v. Crosby*, 545 U.S. 524, 539 n.1 (2005) (Stevens, J., dissenting). Pontefract's arguments that this Court misapplied case law—which it did not— attack the substance of this Court's final Order, and should have been the subject of an appeal.

4

*See, e.g.*, *Morgan v. Ballard*, No. 2:13-20212, 2024 WL 1596915, at *6 (S.D. W. Va. Jan. 18, 2024) (denying motion for relief from judgment in which the movant argued that the district court judge made "erroneous" legal findings where the district court was plainly aware of applicable standards and movant merely reargued the issues already addressed in substance by the court's order); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (finding dismissal of Rule 60(b) motion proper where motion "basically revisited, albeit in somewhat different forms, the same issues already addressed and dismissed by the court" because "revisiting the issues already addressed is not the purpose of a motion to reconsider.").

      **A.**      **This Court did not commit a mistake of law when it found that the BOP did not owe a fiduciary duty to Pontefract regarding his Commissary Account.**

Pontefract generally concedes that *Spengler v. United States*, 127 Fed. Cl. 597 (2016) and *Davidson v. Fed. Bureau of Prisons*, No. 17-5429, 2017 WL 8897005 (E.D. Ky. Mar. 31, 2017) found that claims similar to his were subject to dismissal on jurisdictional grounds. (ECF No. 16, PageID #133–34). Pontefract instead argues that, because those cases do not take the time to analyze 31 U.S.C. § 1321(a)—the statute that identifies commissary funds as "trust funds"—this Court erred in citing to them. (*Id.*). This Court's Memorandum Opinion and Order cited *Spengler* and *Davidson* to support the finding that § 1321(a) does not create a fiduciary relationship between the BOP and individual prisoners. (ECF No. 14, PageID #126–27). The Court is aware that both cases are persuasive rather than mandatory authority in this jurisdiction. Nonethelees, this Court need not interpret the meaning of 31 U.S.C. § 1321, the jurisdictional statutes Pontefract cites, nor BOP Circular 2244, which he references. The plain text of § 1321(a) demonstrates a lack of fiduciary relationship between the BOP and individual prisoners regarding their commissary funds. To the extent that Pontefract believes this Court reached a wrong result in its analysis of

5

this issue, he should appeal this Court's decision. *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal.").

This Court cited *United States v. Mitchell*, 445 U.S. 535, 542 (1980), for an explanation of 28 U.S.C. § 1346(a)(2), commonly known as the Little Tucker Act. (ECF No. 14, PageID #125–27). After finding that 31 U.S.C. § 1321 does not create a fiduciary duty flowing from the BOP to individual prisoners, this Court cited *Mitchell* for the proposition that there is no federal jurisdiction under the Little Tucker Act if Congress did not expressly create a duty owed by the government. (*Id.* at PageID #127). This remains the state of the relevant law, and is not the product of a mistake.

> **B.  This Court did not commit a mistake of law when it found that the Federal Tort Claims Act does not confer subject matter jurisdiction on this Court.**

Pontefract's arguments concerning the Federal Tort Claims Act are also unavailing. Pontefract first claims that *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008), should not guide this Court's analysis; he asserts that this is because it did not address "the meaning of DETAINED concerning property, especially when there is Statutory Authority supporting waiver of sovereign immunity." (ECF No. 16, PageID #136). *Ali* concerned a federal prisoner whose personal property was lost when he was transferred from one detention facility to another. *Id.* at 216. The plurality's analysis did not include whether the prisoner's goods were "detained;" rather, the plurality assumed that the goods were detained because "the Court of Appeals held that the 'detention' clause was satisfied, and petitioner expressly declined to raise the issue on certiorari." *Id.* at 218 n.2 (analyzing, instead, whether the BOP officers who allegedly lost the prisoner's property qualify as "other law enforcement officers," such that they would be protected by sovereign immunity). Four members of the Court dissented, questioning whether the prisoner's goods were detained or whether the goods were more accurately the subject of a bailment. *Id.* at 230 (Stevens, J.

dissenting). It is not a legal mistake for this Court to cite to *Ali*; again, to the extent that Pontefract wants this Court to follow the reasoning of the *Ali* dissenters, he should make that argument to the Court of Appeals.

The rest of Pontefract's arguments regarding this Court's legal errors regarding the Federal Tort Claims Act are styled similarly to his arguments concerning the BOP's lack of fiduciary duty. Pontefract states that this Court's citations to *Butler v. United States*, No. 09-147, 2009 WL 3028902 (D. Minn. Sept. 17, 2009) and *Espinoza v. Zenk*, No. 10-0427, 2013 WL 1232208 (E.D.N.Y. Mar. 27, 2013) are legal error because neither case analyzed 31 U.S.C. § 1321. These cases were cited as being similar to Pontefract's. (ECF No. 14, PageID #129). The Court noted that these two cases were dismissed for reasons similar to the dismissal grounds raised by the United States, then concluded that the same result should follow in this matter. (*Id.*). It is not legal error to cite to similar outcomes in other jurisdictions.

This Court applied the appropriate standard when it reviewed the United States' Motion to Dismiss, analyzed the relevant law, and granted the Motion. The Court did not commit a legal mistake correctable by Rule 60(b)(1). The Court further notes that no further meritorious claims are asserted in Pontefract's Motion. *See Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003) (requiring the assertion of a meritorious claim or defense to achieve relief from judgment). Accordingly, Pontefract has failed to show that he is entitled to relief from judgment under Fed. R. Civ. P. 60(b)(1). His motion for relief from judgment is **DENIED**.

### III. CONCLUSION

This Court did not commit legal error when it dismissed Pontefract's Complaint for lack of subject matter jurisdiction. Pontefract's arguments concerning the Court's analysis are more appropriate for an appeal. Therefore, Pontefract's motion for relief from judgment is **DENIED**.

The Court further certifies, pursuant to 28 U.S.C. § 1915, that an appeal from this Order cannot be taken in good faith.

    **IT IS SO ORDERED.**

    **Dated: June 6, 2024**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**